LOUISA EBERLE (SBN 320803)
Sierra Club
1536 Wynkoop St. Suite 200
Denver, CO 80202
(415) 977-5765
louisa.eberle@sierraclub.org

PATTON DYCUS (*pro hac vice*)
Environmental Integrity Project
315 W. Ponce de Leon Avenue, Suite 842
Decatur, GA 30030
(404) 446-6661
pdycus@environmentalintegrity.org
*Attorney for Plaintiff Environmental Integrity Project*

ANDREA ISSOD (SBN 230920)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5544
andrea.issod@sierraclub.org
*Attorneys for Plaintiff Sierra Club*

EMILY DAVIS (SBN 314152)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
edavis@nrdc.org
*Attorney for Plaintiff Natural Resources Defense Council*

TODD KIM
Assistant Attorney General
ANDREW COGHLAN (SBN 313332)
Trial Attorney
PAUL CAINTIC (D.C. Bar No. 1779847)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
150 M. Street N.E.
Washington, D.C. 20002
(202) 514-2593
paul.caintic@usdoj.gov
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

SIERRA CLUB, *et al.*,

    *Plaintiffs*,

v.

MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,

    *Defendants.*

Case No. 4:21-cv-6956-SBA

**CONSENT DECREE**

WHEREAS, on September 8, 2021, Plaintiffs Sierra Club, Environmental Integrity Project, and Natural Resources Defense Council (collectively, the "Plaintiffs") filed this lawsuit, Case No. 4:21-cv-6956-SBA, against Defendant Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency (hereinafter "EPA" or "Defendant");

WHEREAS, Plaintiffs allege in their Complaint for Injunctive and Declaratory Relief (Dkt. No. 1) (the "Compl.") that EPA failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA") and that such alleged failures are actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, the CAA empowers states to devise and submit State Implementation Plans ("SIPs") to meet and maintain national ambient air quality standards ("NAAQS") set by EPA, though EPA retains ultimate authority to ensure those SIPs comply with the CAA.  42 U.S.C. § 7410(a)(2)(A);

WHEREAS, pursuant to CAA section 110(k)(5), 42 U.S.C. §7410(k)(5), EPA may issue a "SIP Call" directing a state to revise its SIP if EPA finds that the SIP is substantially inadequate to comply with any requirement of the CAA.  When issuing a SIP Call, EPA must notify affected states of their SIP's inadequacies and may establish reasonable deadlines for such states to submit plan revisions not to exceed 18 months after the date of such notice.  *Id.*;

WHEREAS, on June 12, 2015, EPA issued findings of substantial inadequacy for SIP provisions applying to excess emissions during startup, shutdown, and malfunction ("SSM") periods for 45 states and air districts.  State Implementation Plans: Response to Petition for Rulemaking; Restatement and Update of EPA's SSM Policy Applicable to SIPs; Findings of Substantial Inadequacy; and SIP Calls to Amend Provisions Applying to Excess Emissions During Periods of Startup, Shutdown, and Malfunction, 80 Fed. Reg. 33,840 (June 12, 2015). EPA accordingly issued a SIP Call requiring those 45 states and air districts to submit plan revisions to correct SSM-related deficiencies in their SIPs within 18 months, i.e., by November 22, 2016.  *Id.*;

WHEREAS, CAA section 110(k) sets forth the process by which EPA reviews SIP submissions and revisions. 42 U.S.C. § 7410(k). According to that process, EPA must determine no later than 6 months after the date by which a state is required to submit a SIP submittal whether a state has made a submission that meets the minimum completeness criteria. *Id.* § 7410(k)(1)(B). EPA refers to the determination that a state has not submitted a requisite SIP submittal as a "finding of failure to submit." If a state were to withdraw an already-submitted SIP revision, in whole or in part, for which the submittal deadline has passed, EPA would have a renewed obligation to make such a finding, unless the state simultaneously or subsequently submits the required submission. *Id.* Further, EPA must determine whether a SIP submission is complete within six months after EPA receives the submission, and if EPA does not determine completeness of the plan or revision within six months, then the submittal is deemed complete by operation of law. *Id.*;

WHEREAS, pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA is required to approve, disapprove, or conditionally approve, in whole or in part, each plan or revision, within 12 months of EPA determining a submittal is complete or by a submittal being deemed complete by operation of law;

WHEREAS, in Claim 1, Plaintiffs allege that EPA has failed to make findings of failure to submit SIP revisions that remove or amend the SIP-called provisions pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), for the following states and air districts within six months after the due date, i.e., by May 22, 2017, Compl. ¶¶ 35-39:

- Alabama
- Arkansas
- California – San Joaquin Valley Unified Air Pollution Control District
- District of Columbia
- Illinois
- North Carolina – Forsyth County
- Ohio
- Rhode Island
- South Dakota
- Tennessee – Shelby County
- Washington – Energy Facility Site Evaluation Council
- Washington – Southwest Clean Air Agency

WHEREAS, on January 12, 2022, EPA published findings of failure to submit in the *Federal Register* for each of the above states and air districts.  Findings of Failure to Submit State Implementation Plan Revisions in Response to the 2015 Findings of Substantial Inadequacy and SIP Calls to Amend Provisions Applying Excess Emissions During Periods of Startup, Shutdown, and Malfunction, 87 Fed. Reg. 1680 (Jan. 12, 2022).  Claim 1 is therefore moot;

WHEREAS, in Claim 2, Plaintiffs allege that EPA has failed to perform its duty mandated by CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve, disapprove, or conditionally approve or disapprove, in whole or in part, SIP submittals for the following states and air districts addressing the SIP-called provisions, Compl. ¶¶ 41-44:

- Alaska
- Arizona
- Arizona – Maricopa County
- California – Eastern Kern Air Pollution Control District
- California – Imperial County Air Pollution Control District
- Colorado
- Delaware
- Florida
- Georgia
- Indiana
- Kansas
- Kentucky
- Louisiana
- Maine
- Michigan
- Minnesota
- Missouri
- Mississippi
- Montana
- New Jersey
- New Mexico
- North Carolina
- North Dakota
- New Mexico – Albuquerque-Bernalillo County
- Oklahoma
- South Carolina
- Tennessee

- Texas
- Virginia
- Washington
- West Virginia

WHEREAS, EPA has withdrawn the SIP call as to North Carolina, and thus EPA has no mandatory duty to act as to North Carolina's SIP revision.  SIP Call Withdrawal and Air Plan Approval; NC: Large Internal Combustion Engines $NO_X$ Rule Changes, 85 Fed. Reg. 23,700 (Apr. 28, 2020).  Claim 2 is therefore moot as to North Carolina;

WHEREAS, EPA has withdrawn the SIP Call as to Texas, and thus EPA has no mandatory duty to act as to Texas's SIP revision.  Withdrawal of Finding of Substantial Inadequacy of Implementation Plan and of Call for Texas State Implementation Plan Revision-Affirmative Defense Provisions, 85 Fed. Reg. 7232 (Mar. 9, 2020).  Claim 2 is therefore moot as to Texas;

WHEREAS, on February 10, 2022, EPA published a final rule in the *Federal Register* that took final action approving Montana's July 8, 2016 SIP submittal titled "Repeal rules for Aluminum Plants for SSM" (revising ARM 17.8.334).  Air Plan Approval; Montana; Administrative Rule Revisions: 17.8.334, 87 Fed. Reg. 7725 (Feb. 10, 2022).  Claim 2 is therefore moot as to Montana;

WHEREAS, on February 17, 2022, EPA published a final rule in the *Federal Register* that took final action approving Alaska's January 9, 2017 SIP submittal titled "AK SSM SIP Call Regulations" (revising Alaska Admin. Code tit. 18 § 50.240).  Air Plan Approval; AK; Removal of Excess Emissions Provision, 87 Fed. Reg. 8952 (Feb. 17, 2022).  Claim 2 is therefore moot as to Alaska;

WHEREAS, on March 16, 2022, EPA published a final rule in the *Federal Register* that took final action approving Arizona's November 17, 2016 SIP submittal titled "Arizona Administrative Code (AAC) R18-2-310, startup shutdown malfunction (Rescission)" (revising AAC Section R18–2–310(B) and AAC Section R18–2–310(C))."  Approval of Arizona Air Plan Revisions, Arizona Department of Environmental Quality and Maricopa Air Quality Department, 87 Fed. Reg. 14,802 (Mar. 16, 2022).  Claim 2 is therefore moot as to Arizona;

1    WHEREAS, on March 16, 2022, EPA published a final rule in the *Federal Register* that took final action approving Arizona's November 18, 2016 SIP submittal titled "Maricopa Removal of Rule 140, Excess Emissions" (revising Maricopa County Air Pollution Control Regulation 3, Rule 140, § 401 and Maricopa County Air Pollution Control Regulation 3, Rule 140, § 402)." *Id.* Claim 2 is therefore moot as to Arizona—Maricopa County;

WHEREAS, Plaintiffs and EPA have agreed to settlement of Claims 1 and 2 without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all Claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, Plaintiffs and EPA agree that it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendant EPA, it is hereby ordered, adjudged, and decreed that:

1. The appropriate EPA official or officials shall:

    a. sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part the SIP submittal from Mississippi titled "State Implementation Plan (SIP) Revision to Address a Finding of Substantial Inadequacy with the Existing SIP Provisions for Upsets, Startups, and Shutdowns" (revising 11–1–2 Miss. Code R. § 10.1, 11–1–2 Miss. Code R. § 10.2 and 11–1–2

CONSENT DECREE CASE NO.
4:21-CV-6956-SBA Page 6

Miss. Code R. § 10.3), submitted to EPA on November 17, 2016, no later than 180 days from the Court's entry of this Consent Decree;

    b. sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part the following SIP submittals within 240 days of the Court's entry of this Consent Decree:

| Area | State Implementation Plan Submittal | Date of Submittal |
|---|---|---|
| California – Eastern Kern Air Pollution Control District | "East Kern withdrawal of Rule 111, Equipment Breakdown" | December 6, 2016 |
| California – Imperial County Air Pollution Control District | "Imperial rescission of Rule 111, Equipment Breakdown" | March 28, 2016 |
| Minnesota | "Minnesota Startup, Shutdown, and Malfunction SIP" (revising Minn. R. 7011.1415) | February 10, 2017 |
| Indiana | "Indiana Startup, Shutdown, and Malfunctions Rule" (revising 326 Ind. Admin. Code 1–6–4(a)) | January 31, 2017 |
| Michigan | "Michigan Startup, Shutdown, and Malfunction SIP Call Commitment" (revising Mich. Admin. Code r. 336.1916). | February 7, 2017 |
| West Virginia | "Revision to the West Virginia SIP to Add the SSM Rule 45 CSR 1 - Alternative Emission limitations during Startup, Shutdown and Maintenance Operations" (revising W. Va. Code R. § 45–2–9.1, W. Va. Code R. § 45–7–10.3, W. Va. Code R. § 45–40– 100.8, W. Va. Code R. § 45–2–10.1, W. Va. Code R. § 45–3–7.1, W. Va. Code R. § 45–5–13.1, W. Va. Code R. § 45–6–8.2, W. Va. Code R. § 45–7–9.1, W. Va. Code R. § 45–10–9.1, W. Va. | June 13, 2017 |

|  | Code R. § 45–21– 9.3, W. Va. Code R. § 45–3–3.2, W. Va. Code R. § 45–7–10.4, W. Va. Code R. § 45–2–10.2 and W. Va. Code R. § 45–2–9.4) |  |
|---|---|---|
| Georgia | "SIP Revisions – Georgia's Rules for Air Quality Control Pertaining to Startup, Shutdown and Malfunction (SSM) Rule" (revising Ga. Comp. R. & Regs. 391–3–1–.02(2)(a)(7)) | November 17, 2016 |

c. sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part the following SIP submittals within 360 days of the Court's entry of this Consent Decree:

| Area | State Implementation Plan Submittal | Date of Submittal |
|---|---|---|
| South Carolina | "Revisions to Regulation 61-62, Air Pollution Control Regulations and Standards, and the South Carolina Air Quality Implementation Plan – 2015 End of Year Revisions" (revising S.C. Code Ann. Regs. 61–62.5 St 1(C), S.C. Code Ann. Regs. St 4(XI)(D)(4), and S.C. Code Ann. Regs. 62.1, Section II(G)(6)) | November 4, 2016 |
| Kentucky | "State Implementation Plan Revision Relating to Provisions Applying to Excess Emissions During Periods of Startup, Shutdown and Malfunction" (revising 401 KAR 50:055 § 1(1)) | November 17, 2016 |
| New Mexico | "NM State Removal of Sections of 20.2.7 NMAC, Excess Emissions" (revising 20.2.7.111 NMAC, 20.2.7.112 NMAC and 20.2.7.113 NMAC) | October 13, 2016 |
| New Mexico – Albuquerque-Bernalillo County | "NM Alb Withdrawal of 20.11.49 NMAC, Excess Emissions" (revising | October 17, 2016 |

| | | |
|---|---|---|
| | 20.11.49.16.A NMAC, 20.11.49.16.B NMAC and 20.11.49.16.C NMAC) | |
| Kansas | "K.A.R. 28-19-11, Enforcement discretion due to startup, shut down, malfunctions or scheduled maintenance " (revising K.A.R. § 28–19–11(A), K.A.R. § 28–19–11(B) and K.A.R. § 28–19–11(C)) | November 22, 2016 |
| Missouri | "10 CSR 10-6.220 Restriction of Emission of Visible Air Contaminants" (revising Mo. Code Regs. Ann. tit 10, § 10–6.220(3)(C)) | November 28, 2016 |
| North Dakota | "Chapter 33-15-03-04.3. Deleted SSM provision in Restriction of Emissions of Visible Air Contaminants" (revising N.D. Admin. Code 33–15– 03–04.3) | November 11, 2016 |
| Virginia | "Startup/Shutdown/Malfunction Revision B16" (revising 9 Va. Admin. Code § 5–20–180(G)) | August 1, 2016 |
| Florida | "Proposed Revision to State Implementation Plan, Submittal Number 2016-01, Revisions to Excess Emissions Rule" (revising Fla. Admin. Code Ann Rule 62–210.700(1), Fla. Admin. Code Ann Rule 62–210.700(2), Fla. Admin. Code Ann Rule 62–210.700(3) and Fla. Admin. Code Ann Rule 62–210.700(4)) | November 22, 2016 |
| Maine | "Chapter 101 Visible Emissions Regulation" (revising 06–096–101 Me. Code R. § 3 and 06–096–101 Me. Code R. § 4) | May 21, 2019 |
| Tennessee | "SIP Submittal – Startup, Shutdown & Malfunction SIP Call Requirements" (revising Tenn. Comp. R. & Regs. 1200–3–20– .07(1), Tenn. Comp. R. & Regs. 1200–3– 20–.07(3) and Tenn. Comp. R. & Regs. 1200–3–5–.02(1)) | November 18, 2016 |

   d.  sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part the SIP submittal from New Jersey titled "Startup/Shutdown/Malfunction Exemption for Sulfur Compounds" (revising N.J. Admin Code 7:27-7.2(k)(2)) submitted to EPA on December 14, 2017 within 480 days of the Court's entry of this Consent Decree;

   e.  regarding the SIP submittal from Oklahoma titled "OK Withdrawal of OAC 252:100-9 (Excess Emission and Malfunction Reporting Requirements)" (revising OAC 252:100–9–3(a) and OAC 252:100–9–3(b)) submitted to EPA on November 7, 2016:

     i.  sign a proposed rule for publication in the *Federal Register* that proposes to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part Oklahoma's SIP submittal within 360 days of the Court's entry of this Consent Decree;

     ii.  sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part Oklahoma's SIP submittal within 480 days of the Court's entry of this Consent Decree;

   f.  regarding the SIP submittal from Washington titled "Ecology SSM SIP Call Response" (revising Wash. Admin. Code § 173–400–107), submitted to EPA on November 12, 2019:

     i.  sign a proposed rule for publication in the *Federal Register* that proposes to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part Washington's SIP submittal within 360 days of the Court's entry of this Consent Decree;

     ii.  sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part Washington's SIP submittal within 480 days of the Court's entry of this Consent Decree;

   g.  regarding the SIP submittal from Delaware entitled "Removal of Provisions Exempting Emissions During Startup and Shutdown" submitted to EPA on November 22, 2016:

       i. sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part within 240 days of the Court's entry of this Consent Decree the portions of the submission revising 7–1100–1108 Del. Code Regs § 1.2, 7–1100–1124 Del. Code Regs § 1.4, and 7–1100–1142 Del. Code Regs § 2.3.5;

       ii. sign a proposed rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part within 360 days of the Court's entry of this Consent Decree the portions of the submission revising 7–1100–1104 Del. Code Regs § 1.5, 7–1100–1105 Del. Code Regs § 1.7, 7–1100–1109 Del. Code Regs § 1.4, and 7–1100–1114 Del. Code Regs § 1.3;

       iii. sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part within 480 days of the Court's entry of this Consent Decree the portions of the submission revising 7–1100–1104 Del. Code Regs § 1.5, 7–1100–1105 Del. Code Regs § 1.7, 7–1100–1109 Del. Code Regs § 1.4, and 7–1100–1114 Del. Code Regs § 1.3;

   h.  regarding the SIP submittal from Louisiana entitled "Louisiana State Implementation Plan (SIP) Update Response to EPA's SSM SIP Call" submitted to EPA by letter dated November 22, 2016, and supplemented by letter dated June 9, 2017:

       i. sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part within 300 days of the Court's entry of this Consent Decree the portions of the submission revising LAC 33:III.1507(A), LAC 33:III.1507(B), LAC 33:III.1107(A), LAC 33:III.2153(B)(1)(i), LAC 33:III.2307(C)(1)(a), and LAC 33:III.2307(C)(2)(a);

       ii. sign a proposed rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part within 360 days of the Court's entry of this Consent Decree the portion of the submission revising LAC 33:III.2201(C)(8);

iii. sign a final rule for publication in the *Federal Register* to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part within 480 days of the Court's entry of this Consent Decree the portion of the submission revising LAC 33:III.2201(C)(8);

i. sign a final rule for publication to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, the SIP submittal from Colorado titled "Common Provisions – SSM Revisions to amend excess emission provisions. Common Provisions - Sections II.E. and II.J." (revising 5 Colo. Code Regs § 1001–2(II.J) and 5 Colo. Code Regs § 1001–2(II.E)), submitted to EPA on November 21, 2016 by no later than May 31, 2023.

2. If any State withdraws a SIP submission or element thereof, then EPA's obligation to take the action required by Paragraph 1 with respect to such submission or elements is automatically terminated, and Plaintiffs' claim as to such submission or elements is moot.

3. EPA shall, for each final action taken pursuant to Paragraph 1 of this Consent Decree and for each proposed action taken pursuant to Paragraphs 1.e.i, 1.f.i, 1.g.ii, and 1.h.ii of this Consent Decree, within 15 business days of signature, send the final action to the Office of the Federal Register for review and publication in the *Federal Register*.

4. Within 10 business days after forwarding the documents described in Paragraph 1 to the Office of the Federal Register, EPA shall send copies of such documents to Plaintiffs.

5. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree, after notice of each final action required by Paragraph 3 has been published in the *Federal Register*, and the issue of costs of litigation, including reasonable attorneys' fees, has been resolved, EPA may move to have this Consent Decree terminated. Plaintiffs shall have 14 days to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond. The basis of Plaintiffs' opposition to such motion shall be limited to whether EPA has failed to perform or failed to completely perform the actions required by this Consent Decree.

6. The deadlines in this Consent Decree may be extended (a) by written stipulation of the Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good

cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA.  Any other provision of this Consent Decree may also be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.  If a party moves to modify any provision of this Consent Decree, the opposing party shall have 14 days to respond to such motion, and the moving party shall have 14 days to reply, unless the parties stipulate to longer times.

7. If a lapse in EPA appropriations occurs within 120 days prior to a deadline in Paragraphs 1 or 3 in this Consent Decree, that deadline shall be extended automatically by one day for each day of the lapse in appropriations.  Nothing in this paragraph shall preclude EPA from seeking additional extensions of time through modification of this Consent Decree pursuant to Paragraph 6.

8. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of this litigation except litigation fees and costs as specified in Paragraphs 11 and 12.

9. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations.  These parties shall meet and confer in order to attempt to resolve the dispute.  If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

10. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 9 has been followed, and the moving party has provided the other party with written notice received at least 10 business days before the filing of such motion or proceeding.

11. The deadline for filing a motion for costs of litigation, including attorney fees, for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court.  During this period, the Parties shall seek to resolve any claim for costs of litigation, including attorney fees, and if they cannot, Plaintiffs

will file a motion for costs of litigation, including attorney fees, or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

12. This Court shall retain jurisdiction over this matter to determine and effectuate compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation, including attorney fees.

13. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action taken pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, or conditionally approving or disapproving, in whole or in part, a SIP submittal, or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

14. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

15. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

16. Plaintiffs reserve the right to seek additional costs of litigation, including reasonable attorney fees, incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation, including attorney fees.

17.  It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA.  Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

18.  The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g).  After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g).  If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

19.  Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

<u>For Plaintiffs Sierra Club, Environmental Integrity Project, and Natural Resources Defense Council</u>:

Andrea Issod (electronic only)
(415) 977-5544
andrea.issod@sierraclub.org

Louisa Eberle (electronic only)
(415) 977-5753
louisa.eberle@sierraclub.org

<u>For Defendant Michael S. Regan</u>:

Paul Caintic
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611

Washington, D.C. 20044-7611
Tel. (202) 514-2593
paul.caintic@usdoj.gov

20. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

21. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party, and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

22. The undersigned representatives of Plaintiffs and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

COUNSEL FOR PLAINTIFFS:            Respectfully submitted,

Date:  June 17, 2022               *s/ Louisa Eberle*
                                   Louisa Eberle (SBN 320803)
                                   Sierra Club
                                   1536 Wynkoop Street, Suite 200
                                   Denver, CO 80202
                                   Tel: (415) 977-5765
                                   louisa.eberle@sierraclub.org

                                   Andrea Issod (SBN 230920)
                                   Sierra Club
                                   2101 Webster Street, Suite 1300
                                   Oakland, CA 94612
                                   Tel: (415) 977-5544
                                   andrea.issod@sierraclub.org

                                   *Attorneys for Sierra Club*

|   |   |   |
|---|---|---|
| 1 |   | *s/ Patton Dycus* |
| 2 |   | Patton Dycus (*pro hac vice*) |
|   |   | Environmental Integrity Project |
| 3 |   | 315 W. Ponce de Leon Avenue, Suite 842 |
|   |   | Decatur, GA 30030 |
| 4 |   | Tel: (404) 446-6661 |
| 5 |   | pdycus@environmentalintegrity.org |
| 6 |   | *Attorney for Environmental Integrity Project* |
| 7 |   | *s/ Emily Davis* |
| 8 |   | Emily Davis (SBN 314152) |
|   |   | Natural Resources Defense Council |
| 9 |   | 111 Sutter Street, 21st Floor |
|   |   | San Francisco, CA 94104 |
| 10 |   | Tel: (415) 875-6100 |
| 11 |   | edavis@nrdc.org |
| 12 |   | *Attorney for Natural Resources Defense Council* |
| 13 |   |   |
| 14 | COUNSEL FOR DEFENDANT: | TODD KIM |
|   |   | Assistant Attorney General |
| 15 | Dated:  June 17, 2022 |   |
| 16 |   | *s/ Andrew Coghlan* |
|   |   | Andrew Coghlan (SBN 313332) |
| 17 |   | United States Department of Justice |
|   |   | Environment and Natural Resources Division |
| 18 |   | 150 M Street N.E. |
|   |   | Washington, D.C. 20002 |
| 19 |   | Tel: (202) 514-9275 |
| 20 |   | andrew.coghlan@usdoj.gov |
| 21 |   | *s/ Paul Caintic* |
|   |   | Paul Caintic (D.C. Bar No. 1779847) |
| 22 |   | United States Department of Justice |
| 23 |   | Environment and Natural Resources Division |
|   |   | 150 M Street N.E. |
| 24 |   | Washington, D.C. 20002 |
|   |   | Tel. (202) 514-2593 |
| 25 |   | paul.caintic@usdoj.gov |
| 26 |   |   |
| 27 |   |   |
| 28 |   |   |

\* \* \*

**IT IS SO ORDERED** on this 27 day of June, 2022.

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge